## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD

JAMIE LYNN SNYDER,

        Petitioner,

v.                                      Case No. 1:13-cv-27993

SANDRA BUTLER[1], Warden,
FPC Alderson,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, which was filed on November 5, 2013. (ECF No. 1). The petitioner has paid the $5.00 filing fee. (ECF No. 6). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND THE PETITIONER'S PRESENT CLAIM

On January 24, 2013, the petitioner was sentenced in the United States District Court for the District of Delaware to serve a total of 58 months in prison[2], followed by concurrent three (3) year terms of supervised release. (ECF No. 10, Ex. 1, Attach. A at 1-

---

[1] Sandra Butler is the current Warden at FPC Alderson. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Sandra Butler in place of Myron L. Batts as the respondent herein. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas corpus petition is the petitioner's immediate custodian).

[2] The petitioner was sentenced to serve concurrent 46-month terms on one count of Criminal Copyright Infringement in Case No. 11-cr-00097-001, and one count of Identity Theft in Case No. 12-cr-00052-001, followed by a consecutive 12-month term of imprisonment pursuant to 18 U.S.C. § 3147(2), for committing these offenses while she was serving a prior term of supervised release.

3).  The petitioner was also ordered to pay a $200 special assessment and a total of $1,013,546.69 in restitution.  (*Id.* at 5-6).  The Judgment specified that the payment of restitution is "due immediately" and "Payment to begin immediately."  (*Id.* at 6).  The Judgment further provides that, 30 days after her release from prison, the petitioner must pay installments of not less than $50 per month for 35 months.  (*Id.*)

Although not addressed in the respondent's Response to the Order to Show Cause, a review of the docket sheets in both of the petitioner's criminal matters indicates that, on November 1, 2013, the petitioner filed a letter motion, which was filed under seal, requesting an amendment of her monthly restitution payments during her period of incarceration.  (*See* Case No. 1:11-cr-097, ECF No. 43; Case No. 1:12-cr-052, ECF No. 30).  In that motion, it appears that the petitioner essentially made the same request she is now making to have her restitution payments waived while she is incarcerated.[3]  That motion was denied in both cases by the sentencing court on April 29, 2014.  (Case No. 1:11-cr-00097, ECF Nos. 53 and 54; Case No. 1:12-cr-00052, ECF Nos. 40 and 41).

The instant petition, which is not on the form usually used to file a section 2241 petition, requests that the court issue a writ of habeas corpus to relieve her of her responsibility to pay any restitution while she is incarcerated.  (ECF No. 1 at 1).  The petition states in pertinent part:

> [A]t Danbury, my case manager interpreted my J&C to say that my restitution payments while in prison would be deferred and so my FRP payment was set at $25/quarter to take care of my assessment fees only, Which I paid and felt was fair, since my paycheck was about $12-18/mo.

---

[3]  Because the letter motion and response are filed under seal, the undersigned does not have access to those documents to confirm that the arguments made therein are similar to those made by the petitioner in this habeas corpus matter.  However, the court's Memorandum Opinion and Order denying the petitioner's request for an adjustment of her restitution payments is part of the public docket and the undersigned has reviewed the same.  (Case No. 1:11-cr-097-001, ECF Nos. 53 and 54; Case No. 1:12-cr-052-001, ECF Nos. 40 and 41).

> When I transferred to Alderson, my new case manager decided that my payments are NOT to be deferred and they were calculated at $313 dollars each month!  I made only $5.25 my first month here, and $18.25 my 2nd month BUT so far I have paid about $500 in FRP payments, which has left my family to pay the difference.  They have been taking ½ of all money I receive and so my family has been sending double to make up for the loss.  This is now punishing the WRONG person(s), and I feel is grossly unjust.  My family is guilty of nothing, and are footing the bill for raising my children, grandchild, dog and paying for my storage fees and on top of it all they are sending me money for phone calls and emails so that I can stay connected to my children and have healthy hygiene, but now they have to pay my restitution that has nothing to do with them.

(ECF no. 1 at 1).  The petitioner asserts that, if she does not meet her IFRP payments, she will lose programming and privileges.  She emphasizes that the money she may receive from family and other outside support is not guaranteed and may fluctuate in amount.  Thus she requests as follows:

> My future earnings are about $10/mo. since with RDAP, I can only work ½ days.  I am in Landscape Department, grade 4 at 12 cents an hour.  So, I am writing today to ask you to set an amount each month based on MY PAY.  Please take my whole paycheck.  I hope you agree that I should be paying my debt, rather than my family be further penalized when they are already struggling and stretched to the max.  I request that the schedule of payment portion of my sentence be vacated for the District Court to determine appropriate payment schedule with reference to 18 USCS and 3664(F)(a) [sic; 3664(f)(2)(A)] factors. . . .

(*Id.*)[4]  The petition does not state what attempts the petitioner has made to address this issue through the Bureau of Prison's (hereinafter "BOP") administrative remedy process.

On December 20, 2013, the undersigned issued an Order to Show Cause directing the respondent to file a response to the petitioner's section 2241 petition.  (ECF No. 7).  The respondent, by counsel, filed a response to the petition on January 31, 2014.  (ECF No. 10).

---

[4]  It is apparent that the petitioner used the letter form motion filed in her criminal matters in the United States District for the District of Delaware and filed it as her section 2241 petition herein.

According to the response, the petitioner is currently participating in the "Inmate Financial Responsibility Program" (hereinafter "IFRP") and her payment schedule is set at $313 per month, based upon her last six months of commissary deposits, figured in August 2013, which totaled $2,821.53.  (*Id.* at 2 and Ex. 1, ¶ 5, and Attach. B, Relevant Page of Inmate Profile).  The petitioner's IFRP data indicates that she has paid the $200 special assessment, and still owes $1,012,876.78 in restitution.  (*Id.* at 2 and Ex. 1, Attach. C, IFRP Data).

The response further indicates that the petitioner had received a considerable amount of money into her account and that she spent large sums of money on non-necessity commissary items, which led to the $313 calculation under the BOP formula. In fact, according to her account statements, deposits into her account over the most recent six months prior to the filing of the response totaled $3,669.87.  (*Id.*, Ex. 1, ¶ 7, and Attach. D).

The respondent asserts that the petitioner has failed to exhaust her administrative remedies prior to filing this petition.  (*Id.* at 4).  The response further asserts that the court did not improperly delegate its core judicial function to the BOP by not setting a payment schedule while the petitioner is incarcerated, and further contends that the BOP properly exercised its authority in determining the petitioner's IFRP payments.  (*Id.* at 5-7).

On March 14, 2014, the petitioner filed a Reply.  (ECF No. 11).  The petitioner's Reply does not address the exhaustion issue.  The petitioner contends, however, that the court improperly delegated its core judicial function under 18 U.S.C. § 3664 because it did not consider the petitioner's financial resources when ordering the petitioner to pay restitution while incarcerated, and did not set a payment schedule.  (*Id.*)  The petitioner

4

relies upon authority from the United States Court of Appeals for the Ninth Circuit in which, she contends, the court disagreed with the BOP's execution of the IFRP program. *See Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012).  (ECF No. 10 at 2-3).  In *Ward*, the Ninth Circuit reasoned that a restitution order that ordered that restitution was "due immediately," but which did not include a payment schedule set by the court, could not properly be paid through the IFRP.  678 F.3d at 1050-1052.  (*Id.*)  The petitioner requests that this court make a similar finding.  The *Ward* decision, however, is not binding on this court and conflicts with biding precedent from the United States Court of Appeals for the Fourth Circuit.

Finally, the petitioner's Reply indicates that her current payment is $361 per month.  She contends that it is unreasonable to expect her to make payments, while she is incarcerated, that are over 600% higher than the payments ordered by the court after she is released.  (*Id.* at 3).  The petitioner further asserts that she has been forced to participate in the IFRP program, and that the corresponding loss of programming and privileges for non-participation is contrary to the sentencing goal of rehabilitation.  (*Id.*)  She also disputes the respondent's characterization of her commissary spending and attempts to justify the need for the funding sent by her family.

The undersigned will address each argument in turn.

## ANALYSIS

### A.    Overview of the IFRP.

A federal prisoner's challenge to scheduled restitution payments under the IFRP is properly raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241 because it is a challenge to a BOP administrative program, rather than a challenge to the inmate's judgment itself.

5

The IFRP is a program that provides an avenue for collection of payments toward a monetary penalty imposed by court order.[5] *See* 28 C.F.R. § 545.10-545.11. The "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *see also Coleman v. Brooks*, 133 Fed.Appx. 51 (4th Cir. 2005) (*citing, Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). In the instant case, the sentencing court specifically directed that restitution is "due immediately" and that "Payment [is] to begin immediately . . . ." (Case No. 1:11-cr-00097, ECF No. 35 at 6; Case No. 1:12-cr-00052, ECF No. 25 at 6).

Generally, the requirement that payment be made immediately is interpreted to require payment to the extent possible, and to begin as soon as possible. *Coleman v. Brooks*, 133 Fed.Appx. 51, 53 (4th Cir. 2005); *see also United States v. Caudle*, 261 Fed.Appx. 501, 504 (4th Cir. Jan. 10, 2008) (when a court orders that payment is due immediately, the court sets the required amount and time for payment of the monetary penalty). The BOP is not limited to considering only an inmate's ability to earn wages while in prison, but may consider all funds received by an inmate. *See* 28 C.F.R. § 545.11(b) (stating that "[p]ayments may be made from institution resources or non-institution (community) resources").

---

[5] The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's progress in the IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of his financial plan ordinarily" results in the loss of certain advantages or privileges. 28 C.F.R. 545.11.

### B. The petitioner failed to exhaust her administrative remedies.

The respondent asserts that the petitioner failed to exhaust her administrative remedies prior to filing her section 2241 petition. (ECF No. 7 at 4-5). In fact, the respondent asserts that the petitioner failed to file any administrative remedies challenging the amount that was set for her to pay through the IFRP. Accordingly, the respondent asserts that this matter should be dismissed for failure to exhaust administrative remedies. (*Id.*) The petitioner has failed to address the exhaustion issue in any of her filings.

Although the United States concedes that the district court has the discretion to waive the exhaustion requirement (ECF No. 7 at 4), the undersigned cannot find that the exhaustion process would be futile. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to exhaust her administrative remedies and that dismissal of her section 2241 petition on that basis would be warranted.

### B. The determinations concerning the petitioner's IFRP payments were a proper exercise of BOP authority.

The respondent further asserts that the BOP's establishment of a payment schedule under the IFRP does not constitute an improper delegation of authority by the courts. *See United States v. Watkins,* 161 Fed. Appx. 337 (4th Cir. 2006); *see also Webb v. Hamidullah*, 2006 WL 1946441 (D.S.C. Jul. 11, 2006) (unpublished) (finding that IFRP is not an improper delegation of a judicial function because IFRP merely provides an inmate with a vehicle for ensuring that payment is made); *Martin v. United States*, 2006 WL 231485 (N.D.W. Va. Jan. 31, 2006) (finding that "a sentencing court's order that a fine is due to be paid in full immediately is not an improper delegation of

authority to the BOP, and the resultant 'payment schedule established by the BOP does not conflict with the sentencing court's immediate payment order.'")

The petitioner's reliance on *Ward v. Chavez* is misplaced, as it is not binding authority, and this court is bound by precedent from the United States Court of Appeals for the Fourth Circuit, which has held that a judgment order need not contain a schedule of restitution payments to be made during a period of incarceration. *See, e.g., United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).

Liberally construing the petition, to the extent the petitioner is contending that participation in the IFRP violates her due process rights, the undersigned finds her claims to be without merit. *See Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990) (finding that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation"). The compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *see also Cupp v. Reed*, 2009 WL 277554 (N.D. W. Va. Feb. 5, 2009) (finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution"). Thus, even if the petitioner could overcome the failure to exhaust her administrative remedies, the undersigned proposes that the presiding District Judge **FIND** that she has not demonstrated that her participation in the IFRP (or the consequences of her failure to comply with the IFRP program) violates any right secured by the constitution or laws of the United States.

**C.      The petitioner is not entitled to relief under 18 U.S.C. § 3664(k).**

To the extent that the petitioner may be arguing that her financial circumstances have changed since her incarceration and that she has a legitimate basis to seek relief under 18 U.S.C. § 3664,[6] it is well-settled that section 3664(k) cannot be used to modify or suspend restitution payments made through the IFRP, and that is relief that this court, which is not the sentencing court, cannot grant. *See, e.g., United States v. Diggs,* 578 F.3d 318, 320 (5th Cir. 2009).

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the petition fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.

---

[6]  Subsection (k) of section 3664 permits the sentencing court to modify a defendant's restitution order to adjust a payment schedule or to require immediate payment in full, following notification of any material change in the defendant's financial circumstances.  18 U.S.C. § 3664(k).

Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.


 June 11, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge